IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.   Criminal No. 3:12CR152

ROBERTO SANCHEZ-ROQUE,

Petitioner.

**MEMORANDUM OPINION**

By Judgment entered on March 22, 2013, Roberto Sanchez-Roque was convicted of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and was sentenced to eighty-seven months of incarceration. (J. 1-2, ECF No. 84.) Since that time, the Court has denied two requests from Sanchez-Roque to reduce his sentence. (See ECF Nos. 104, 122, 134, 135.)

Having met with no success under 18 U.S.C. § 3582(c)(2), Sanchez-Roque the filed a "MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 UPON AMENDMENT 794 TO THE UNITED STATES SENTENCING GUIDELINES." ("Motion to Correct Sentence," ECF No. 142.) By Memorandum Order entered on February 28, 2017, the Court explained to Sanchez-Roque that a motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)); see Melton v. United States, 359

F.3d 855, 857 (7th Cir. 2004). The Court explained that if Sanchez-Roque wished to invoke this Court's jurisdiction under 28 U.S.C. § 2255 he must do so unequivocally and in accordance with the rules governing such actions. Cf. United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (requiring that the district court advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255). The Court indicated that it would process a request for relief under 28 U.S.C. § 2255 upon receipt from Sanchez-Roque of the properly completed form seeking such relief.

On April 17, 2017, the Court received the completed 28 U.S.C. § 2255 form. ("§ 2255 Motion," ECF No. 148.) Sanchez-Roque's sole claim for relief is a "Reduction in Sentence on basis of new Amendment to the United States Sentencing Guidelines (Amendment 794)." (Id. at 5.) As previously explained, once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (citation omitted). To the extent that Sanchez-Roque seeks relief under Amendment 794, a request for relief pursuant to Amendments to the Sentencing Guidelines is not cognizable under § 2255 and must be brought pursuant to 18 U.S.C. § 3582. See

2

United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as § 2255 motions); United States v. Perez-Carrillo, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016) (explaining that § 2255 motion is an improper procedural vehicle to seek relief under Amendment 794). Moreover, even if Sanchez-Roque had filed the appropriate § 3582 motion seeking a reduction in sentence pursuant to Amendment 794, he would not be entitled to relief. Amendment 794 does not apply retroactively and cannot lower Sanchez-Roque's sentence. See Orji v. United States, No. 1:13-CR-79, 2017 WL 1091784, at *2 (E.D. va. Mar. 22, 2017); Perez-Carrillo, 2016 WL 4524246, at *2. Accordingly, Sanchez-Roque's § 2255 Motion (ECF No. 148) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Sanchez-Roque.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 16, 2017
Richmond, Virginia

3